**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** | |
| Plaintiff, | CASE NO. 21-cv-6718 |
| v. | |
| **DANIEL V.T. CATENACCI** | |
| Defendant. | |

**AGREED MOTION FOR ENTRY OF JUDGMENT AGAINST**
**DEFENDANT DANIEL V.T. CATENACCI**

Plaintiff U.S. Securities and Exchange Commission ("the SEC"), respectfully requests that the Court approve the bifurcated settlement it has negotiated with Defendant Daniel V.T. Catenacci ("Defendant" or "Defendant Catenacci") by entering a partial judgment ordering permanent injunctive relief against him in the proposed form attached hereto as Ex. 1.

1. On December 17, 2021, the SEC filed a complaint alleging that Defendant Catenacci violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b)], and Rule 10b-5 hereunder [17 C.F.R. §§ 240.10b-5].

2. The SEC's complaint generally seeks two types of relief against Catenacci: injunctive relief (permanent injunctions) and monetary remedies (civil penalties).

3. Defendant Catenacci has consented to settle the SEC's claims against him, on a bifurcated basis, in accordance with the terms of a Consent attached hereto as Ex. 2.[1]

---

[1] The parties' settlement agreement is "bifurcated," in that it provides for the immediate imposition of injunctive relief, but defers for later determination the amount of monetary relief that should be imposed.

4. Specifically, Defendant Catenacci has agreed to the entry of a judgment that: (a) awards the SEC the injunctive relief it seeks against him (*i.e.*, a permanent injunction from engaging in future violations of Section 10(b) of the Exchange Act and Rule 10b-5 (thereunder)); and (b) reserves for the Court's later consideration and determination for the amount of civil penalty he will be required to pay, if any, as a result of the conduct alleged in the complaint. (*See* Ex. 2 at ¶2.)

5. The express terms of the Consent set forth a summary mechanism by which the Court may determine whether to impose a civil penalty and, if so, the appropriate amount. (*See* Ex. 2 at ¶4.) In connection with that determination, Defendant Catenacci is "precluded from arguing that [he] did not violate the federal securities laws" and agrees that "the allegations of the Complaint shall be accepted and deemed true by the Court." (*Id.*) *See SEC v. Zenergy Int'l Inc.*, 2016 WL 5080423, at *1-*2 (N.D. Ill. Sept. 20, 2016) (noting defendants' "bifurcated" settlements provided that court may accept as true the allegations in the SEC's complaint for purposes of determining financial remedies).

6. The settlement is the result of arms-length negotiations, with the involvement of Defendant Catenacci's legal counsel, and achieves a fair resolution of the SEC's claims. Defendant Catenacci does not wish to engage in extensive discovery proceedings and contest the SEC's claims at trial, and he has a strong interest in minimizing the financial consequences of the SEC's claims to the extent permitted by law. The SEC wants to obtain appropriate judicial relief against Defendant Catenacci, without unwarranted delay and use of resources. The parties, however, have not yet agreed upon the imposition or amount of any civil penalty as part of any final settlement.

7. Allowing the Court to resolve the civil penalty issue remaining between the SEC

and Defendant Catenacci in the manner set forth in the Consent will help achieve an early resolution of this case and promote the efficient use of the parties' and the Court's resources.

8. After first consulting with the Defendant, the SEC will submit to the Court a proposed briefing and/or hearing schedule for resolving the remaining disputed financial issues and obtaining a final judgment.

9. The parties have expressly agreed that the proposed partial judgment order against Defendant Catenacci, if approved by the Court, may be entered immediately and without further notice. (*See* Ex. 2 at ¶14.)

Wherefore, the SEC respectfully requests that the Court enter the attached judgment imposing permanent injunctive relief against Defendant Catenacci, and allow the parties time to consider and propose an appropriate schedule for briefing and/or a hearing to determine the financial component of a final judgment.

Respectfully Submitted,

Dated: December 17, 2021

/s/ Robin Andrews
Robin Andrews, IL Bar No. 6285644
Attorney for Plaintiff
U.S. Securities and Exchange Commission
44 Montgomery Street, Suite 2800
San Francisco, CA 94104

Madiha M. Zuberi (*pro hac vice pending*)
David Zhou (*pro hac vice pending*)
Attorneys for Plaintiff
U.S. Securities and Exchange Commission

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 17, 2021, I served a copy of the foregoing document on counsel of record by means of the Court's ECF system and by email delivery to Daniel Catenacci's attorney Jacob Kahn at his email address: jkahn@rshc-law.com.

s/ Robin Andrews